STATE of Maine

v.

David MARTIN, Norman Koehling and
William A. Mooney.

Supreme Judicial Court of Maine.

Argued Jan. 10, 1989.

Decided Feb. 6, 1989.

Janet Mills, Dist. Atty., Patricia Mador (orally), Asst. Dist. Atty., Auburn, for plaintiff.

Jane Andrews (orally), Lewiston, for defendants.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and HORNBY, JJ.

ROBERTS, Justice.

David Martin, Norman Koehling, and William Mooney appeal from their convic-tions for night hunting, 12 M.R.S.A. § 7406(5) (1981), entered in the Superior Court, Oxford County (*Perkins, J.*), after a joint jury trial. The defendants allege that their fourth amendment rights were violat-ed by the use of evidence seized as a result of a warrantless search of a shed on Mar-tin's property near his house. Pretrial mo-tions to suppress were denied after hearing in the District Court, South Paris (*Bather-son, A.R.J.*). We affirm the judgments.

Although the defendants provide no record of any findings of fact, they argue that evidence that the shed was no more than 50 feet from Martin's dwelling com-pels a finding that the shed was within the curtilage. *See, e.g., State v. Pease,* 520 A.2d 698 (Me.1987); *State v. Silva,* 509 A.2d 659 (Me.1986). We disagree. Dis-tance alone does not establish whether an area is within the curtilage and thus pro-tected by the fourth amendment. *U.S. v. Dunn,* 480 U.S. 294, 107 S.Ct. 1134, 94 L.Ed.2d 326 (1987). Rather, the inquiry must focus on whether the area harbors the intimate activities associated with the sanctity of a home and the privacies of life. *Id.* at 299–301, 107 S.Ct. at 1138–39, 94 L.Ed.2d at 334. The evidence disclosed that the shed "appeared to be a shanty for animals to get in and out of the weather," a "horse hovel." The shed was located at the edge of a field and had a sliding door with space for a window that contained no glass. The only indication of the shed's use as part of the domestic economy of the household was the presence of a "freezer." The record is silent, however, as to whether the freezer was abandoned or was connect-ed to any electrical supply. We conclude that the District Court was warranted in determining that the shed was not within an area protected by the fourth amend-ment. No other issue merits discussion.

The entry is:

Judgments affirmed.

All concurring.